**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**ROBERT COCHRAN and**
**MICHELLE MEISINGER COCHRAN**
**Plaintiffs**

CA 08 98

**v.** **CA NO.**

**FIRST HORIZON HOME LOAN CORPORATION and AMERICA'S SERVICING COMPANY**
**Defendants**

---

**Ralph Stokes 2630**
**Attorney for Plaintiffs**
**33 College Hill Rd., Ste 15-E**
**Warwick, RI 02886**
**401.827.0100**

---

*There is no prior or pending litigation involving the same causes of action*

NOW COME Plaintiffs, by and through their attorney, Ralph Stokes, and for their causes of action against Defendants state as follows:

## I. PARTIES

1. Plaintiffs, Robert and Michelle Cochran, (hereafter "Plaintiffs") are of majority age and residents of Rhode Island, residing in their home, which is the subject of this lawsuit, at , Warwick Rhode Island 02888.

2. Defendant, First Horizon Home Loan Corporation (hereinafter "First Home or Defendant") is doing business in the State of Rhode Island. At all times relevant hereto Defendant First Home owned, Brokered and/or serviced the Plaintiff's mortgage loan. First Home's principal place of business is located at 4000 Horizon Way, Irvine, TX 75063

3. Defendant, America's Servicing Company (hereinafter "ASC or Defendant") is doing business in the State of Rhode Island. At all times relevant hereto Defendant ASC owned, Brokered and/or serviced the Plaintiff's mortgage loan. ASCS's principal place of business is located at P.O. Box 1820, Newark, NJ 07101-1820

## II.
## JURISDICTION

4. This Court has jurisdiction and Venue over the parties and subject matter herein, because the subject property is located in the State of Rhode Island.

5. This Court has jurisdiction over the Federal Claims pursuant to 15 USC §1601 et. seq. and 15 USC §1640(e).

## III.
## FACTS

6. The Plaintiffs are home owners in the State of Rhode Island, residing in their home at , Warwick, Rhode Island 02888.

7. On or about January 30, 2006 the Plaintiffs closed on the mortgage complained of herein. Complete loan documents are attached hereto as Exhibit "A".

8. On or about January 30, 2006 the loan complained of closed and there were Brokers fees charged of which the Plaintiffs were unaware. The Plaintiffs did not receive a Brokers contract or a Good Faith Estimate ("GFE") and/or a Itemization of Amount Financed ("IOAF"). The Brokers fees were not disclosed 3 days of giving application or at least 3 days before the closing.

9. The Plaintiffs received all preliminary disclosures required by the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA) on the day of closing.

10. The Plaintiffs received at closing a Settlement Statement (Hud-1) disclosing the discount points, which buy down the interest rate.

11. The discount points charged in line 802 of the HUD-1 are an illegal kickback OC $2472.00.

12. On or about January 30, 2006, the discount points charged in the amount of $2472.00 which should have bought down the % rate ,but did not, stripped Plaintiffs of equity in the home . The amount charged for discount points is 1.5 % of the real loan value. The ramifications of the discount points were never explained to the Plaintiffs, and are an illegal kickback due to the fact that Plaintiffs received no benefit. If early disclosures had been given, a lock-in agreement would have been included with those early disclosures.

13. First Home gave no Broker Contract or pre-disclosure of the discount points charged before the transaction closing occurred. This stripped the Plaintiffs of equity by up selling the interest rate payable to First Home.

14. At all times relevant hereto, Defendants regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction, which is the

subject of this action was initially payable, making Defendants creditors within the meaning of TIL, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

15. On or about January 30, 2006 ("settlement date"), Plaintiffs executed a promissory note and a security agreement in favor of Defendants, ("the transaction"). The transaction extended consumer credit which was subject to a finance charge and which was initially payable to Defendants. The transaction is designated by Defendants as loan # 0056721459.

16. True and accurate copies of the credit agreement evidencing the transaction is attached hereto, marked "EXHIBIT A", and by this reference are incorporated herein.

17. As part of this consumer credit transaction, Defendants retained a security interest in the Plaintiffs' home, which is used as Plaintiffs' principal dwelling.

18. Before the settlement date, Defendants did not provide to Plaintiffs the preliminary disclosures required by Truth in Lending Act (TILA) at 12 CFR 226.17 and 18, or any other preliminary disclosures as required by RESPA at 12 USC §2602(c) and (d), which is commonly known as the Good Faith Estimate and Adjustable Rate Mortgage Program Booklet. The preliminary disclosures were given to the Plaintiff at the closing, with exception of the Booklet, which was never given to the Plaintiffs.

19. Either before, during and/or after the settlement date, Defendant failed and/or refused to provide Plaintiffs with true and accurate copies of important documents, including but not limited to, copies of a Broker Contract, GFE or IOAF, an accurate TILA disclosure.

20. The Defendants failed to give a TIL to Robert Cochran altogether.

21. Defendants intentionally failed and/or refused to provide Plaintiffs with various disclosures that would indicate to Plaintiffs that the contract entered into was void, illegal and

predatory in nature, such as an accurate Truth in Lending Disclosure (TIL) for the primary loan as required by 12 CFR §226.17 and 18.

22. The TIL given at the closing to Michelle Cochran was inaccurate in that the Amount Financed was understated by $796.00 and the Annual Percentage Rate was overstated by 1.0000%, which makes the TIL disclosure ineffective and outside the tolerances allowed by the TILA.

23. The Plaintiffs were not given the Good Faith Estimate ("GFE") or Itemization of Amount Financed ("IOAF") before loan closing, which would have disclosed the cost of the loan, it would have reflected whether or not discount points were charged as required by the TILA at 12 CFR §226.4(a). These required disclosures would have disclosed the same discount points and/or the true cost of the loan, if either were given and would have given an informed choice to the Plaintiffs of whether to shop else where.

24. Defendants were under legal obligation as a fiduciary and had the responsibility of over seeing the purported loan consummation and making sure that Plaintiffs' consummation was right and that the Plaintiffs received all mandated documentation and material disclosures under TILA and RESPA, before, during and after the transaction. Plaintiffs relied upon Defendant's claims that Defendants knew the best way to structure the transaction and would help Plaintiffs make the best consumer transaction possible.

25. Defendants established a pattern and practice of defrauding Plaintiffs in that, during the entire life of the loan, they have not correctly credited payments, calculated interest on the account due to the undisclosed discount points. Defendants knew that the account was not accurate and that Plaintiffs would make further payments based on the account. Plaintiffs did make

payments based on the account and paid too much interest as a result. In addition, Defendants used the inaccurate accounts to determine the amounts due at default and foreclosure.

## IV.

## VIOLATION OF THE TRUTH IN LENDING ACT AND FOR RECOUPMENT

26. Plaintiffs repeat and reallege each and every item and allegation above as if fully and completely set forth herein.

27. The Plaintiffs are consumers and the Defendants sold Consumer Mortgage loan products to the Plaintiffs, which loans are subject to the TILA.

28. Defendants have instituted a non-judicial foreclosure pursuant to the power of sale clause within the note and mortgage/deed of trust. Therefore, the Plaintiffs have the right to recoupment pursuant to 15 USC §1640(e) and equitable tolling.

29. All of the Defendants have engaged in a pattern of unfair practices in violation of the Truth in Lending Act ("TILA"), 15 USC §1601 et seq., 15 USC §1635(a), (b) and (g), in that, an inaccurate TILA disclosure was given to Plaintiffs as required by Regulation Z at 12 CFR 226.17 and 18, entitling Plaintiff to damages under 15 USC §1640(a) et seq., of actual damages, twice the finance charge and reasonable attorney fees and costs pursuant to statute. The Material disclosures violations are as follows:

(a) The TILA disclosure for the primary loan, Amount Financed was understated in violation of Regulation Z at 12 CFR §226.18, rendering the TILA disclosure ineffective;

(b) The TILA disclosure for the primary loan, Annual Percentage Rate (APR) was overstated by 1.0000% in violation of Regulation Z at 12 CFR §226.22, rendering the TILA disclosure ineffective;

30. Therefore, the Court should declare under 15 USC §1640(a) that the Plaintiffs are entitled to actual damages, twice the finance charge and the $2000.00 statutory penalty for each loan transaction.

V.

**BREACH OF CONTRACT, GOOD FAITH DEALINGS AND INFLICTION OF INJURY**

31. Plaintiffs repeat and reallege each and every item and allegation above as if fully and completely set forth herein.

32. Plaintiffs have been under severe stress due to the Defendants not giving and/or failure to give proper disclosure and causing the Plaintiffs damages as a result thereof. The Defendants have failed to properly assess interest on the loan, i.e. the Defendants up-sold the interest rate and have calculated the interest based on that rate.

33. As a result of all of the Defendants' negligence in failing to do good faith dealings, failing to give proper disclosure as outlined above, and causing the loan to be higher in interest, Defendants have breached the contract. Plaintiffs have suffered injury, including damages for pain and suffering and emotional distress. The injuries are continuing in nature.

34. The amount of Plaintiffs' damages is currently unknown and will be established at time of trial.

VI.

**UNJUST ENRICHMENT LENDER AND BROKER**

35. Plaintiffs repeat and reallege each and every item and allegation above as if fully and completely set forth herein.

36. Defendants and their agent had an implied contract with the Plaintiffs to ensure they understood all the fees they would pay to the Defendants to obtain credit on their behalf, and not charge any fees that are not reasonably related to the settlement of the loan entered into and with full disclosure to the Plaintiffs.

37. The TILA disclosure for the primary loan, Annual Percentage Rate (APR) was overstated by 1.0000% in violation of Regulation Z at 12 CFR §226.22, rendering the TILA disclosure ineffective;

38. Defendants cannot in good conscience keep the benefits from their agent's actions of charging a discount point without a benefit to the Plaintiffs and undisclosed by preliminary disclosures required by federal and state law.

39. Defendants and/or it's agent have been unjustly enriched at the expense of the Plaintiffs, and considering the circumstances, allowing the Defendants to maintain the benefit would be contrary to the rules of equity.

40. Plaintiffs demand the following restitution from Defendants: Actual and Exemplary damages and reasonable attorney's fee.

## VII

## FRAUD

41. No GFE was given to Plaintiffs before or during closing.

42. On or about January 1, 2006 the lender told Plaintiffs that they were going to get a fixed rate mortgage.

43. On or about January 1, 2006 or soon there after, Defendants gave no early Truth in Lending Settlement Statement (TIL) and an Itemization of Amount Financed (IOAF) or Good Faith Estimate (GFE) instead of an IOAF, disclosing the type of loan product or the true costs of the loan product.

44. On or about January 1, 2006 Defendant put Plaintiffs in a sub-prime adjustable rate mortgage program with a 2 year fixed and an adjustable rate every 6 months thereafter.

45. On or about January 1, 2006 Defendants mislead Plaintiffs by hiding the fact that Plaintiffs were going to be put into a sub-prime adjustable rate mortgage program.

46. On or about On or about January 1, 2006 Defendant mislead Plaintiffs by hiding the fact that Plaintiffs were not going to get a benefit for the discount points charged at closing.

47. On or about On or about January 1, 2006 Defendants mislead Plaintiffs by hiding the fact that Plaintiffs were going get a benefit for discount points, knowing they were put into a sub-prime loan and that the interest rate would go substantially above any benefit Plaintiffs would receive.

48. Defendants knew the representations were false and intended that Plaintiffs would rely on them and on their intentional failures to disclose material information.

49. Plaintiffs, having the knowledge and experience of ordinary consumers, did rely on those false representations and on Defendants' failure to disclose to their detriment.

50 The actions of Defendants were willful and without regard to the rights of Plaintiffs.

51. As a direct and proximate result of the withholding of information and misrepresentations, Plaintiffs have suffered damage to their credit scores, financial damages, punitive damages and emotional distress to be proven at trial.

## VIII.

## RELIEF SOUGHT

WHEREFORE, having set forth various causes of action against Defendants, Plaintiffs pray for the following relief:

1. That the actions of the Defendants be determined to be in violation of the Truth in Lending Act, for the non-compliance and the Regulations promulgated thereunder and enter judgment of twice the finance charge, including twice the interest paid, and award $2000.00 statutory penalty and costs and attorneys fees as provided by 15 USCA §1640(a).

2.. That Plaintiffs be awarded consequential damages, including attorney's fees incurred to bring this action, in an amount to be fully proved at the time of trial but in excess of $50,000;

3. That the Plaintiff be awarded their fees and costs pursuant to the written loan agreements which bind the Defendants; and

4. That the Court award treble damages for Defendants and/or it's agent being unjustly enriched in an amount to be proven at the time of trial but in excess of $25,000; and

5. That the Court award such other relief as it deems just and proper.

## IX.

## RIGHT TO AMEND

Plaintiffs reserve the right to amend this Complaint, asserting other facts and causes of action after further investigation and discovery.

~~Plaintiffs declare under the penalties of perjury that the foregoing is true and correct.~~

DATED this _____ day of ________________ 2008.

______________________________________
Robert Cochran
Attorney for Plaintiffs

______________________________________
~~Michelle Cochran~~

VERIFICATION

Notary:
I certify that I know or have satisfactory evidence that Robert and Michelle Cochran are the persons who appeared before me, and said persons acknowledged that they signed this instrument and acknowledged it to be their free and voluntary act for the uses and purposes mentioned in the instrument.

______________________________________
Notary,
________________ County,
____________________
My commission Expires

______________________________________
Ralph Stokes, Esq. (2630)
Attorney for Plaintiffs